UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WAYNE EARLEY,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:12-1886** |
| v. | : | **(JUDGE MANNION)** |
| **GATEHOUSE MEDIA PENNSYLVANIA HOLDINGS, INC.,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

# M E M O R A N D U M

Presently before the court is the defendant's motion to dismiss the plaintiff's amended complaint. (Doc. 28). Based upon the court's review of the motion and related materials the motion to dismiss will be granted with prejudice.

## I.  PROCEDURAL HISTORY

The plaintiff filed the instant action in the Court of Common Pleas of Wayne County on August 20, 2012, in which he alleges claims of defamation, (Count I), and false light invasion of privacy, (Count II)[1]. (Doc. 1). The defendant filed a notice of removal under 28 U.S.C. §1446(b), on September 20, 2012, on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332.

---

[1] The plaintiff had also set forth claims of punitive damages, (Count III), and negligence, (Count IV), which he agreed to withdraw at the oral argument on the defendant's original motion to dismiss.

(Id.).

On September 27, 2012, the defendant filed a motion to dismiss the plaintiff's original complaint. (Doc. 2). A brief in support of the defendant's motion was filed on October 11, 2012. (Doc. 5). On November 26, 2012, the plaintiff filed a brief in opposition to the defendant's motion to dismiss. (Doc. 10). A reply brief was filed by the defendant on December 10, 2012. (Doc. 11).

Upon request, the court heard oral arguments on the motion to dismiss on March 27, 2013. On September 30, 2013, the court issued a memorandum and order dismissing the complaint without prejudice allowing the plaintiff to file an amended complaint. (Doc. 26 & 27). The court directed the plaintiff to include "more specific allegations" of actual malice provided that he could "do so in good faith." (Doc. 27).

On October 18, 2013, plaintiff filed an amended complaint. (Doc. 28). On November 1, 2013, defendant filed a motion to dismiss for failure to state a claim (Doc. 29), and on November 15, 2013 defendant filed a corresponding brief in support of the motion to dismiss. (Doc. 32). Plaintiff filed a brief in opposition on November 25, 2013. (Doc. 33). The defendant filed a reply brief on December 16, 2013. (Doc. 37).

## II. STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions

2

of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider

3

"undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir.2002). However, the court may not rely on other parts of the record in determining a motion to dismiss.

## III.   DISCUSSION[2]

The following allegations are taken from the plaintiff's amended complaint and are accepted as true for purposes of considering the instant motion to dismiss. Plaintiff Wayne Earley served as the "Building Construction, Zoning and General Code Enforcement Official" of Honesdale Borough until March 12, 2012. Defendant Gatehouse Media Pennsylvania Holdings, owner of The Wayne Independent ("TWI"), published through TWI twenty-nine (29) newspaper articles concerning the plaintiff's employment at Honesdale Borough, which are the subject of the instant action. As the parties are familiar with the facts they will not be repeated here, rather this court's

---

[2]The court incorporates by reference its prior memorandum of September 30, 2013, (Doc. 26), as the amended complaint is substantially similar to the original complaint in most respects.

4

memorandum filed on September 30, 2013 contains a more comprehensive rendition of the facts in this case. (Doc. 26).

Concerning Count I (defamation), this court has already determined that the plaintiff is a "public official" within the context of the First Amendment (Doc. 26) and, as such, is required to show "actual malice" in the publication of the allegedly defamatory articles. New York Times Co. v. Sullivan, 376 U.S. 254, 270 (1964). In order to show "actual malice," there must be, at a minimum, proof that the statements were made with reckless disregard for the truth. Hart-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657, 667 (1989). "Reckless disregard" requires a showing that the defendant either "in fact entertained serious doubts as to truth of [the] publication," St. Amant v. Thompson, 390 U.S. 727, 731 (1968), or had a "high degree of awareness of...probable falsity." Garrison v. Louisiana, 379 U.S. 64, 74 (1964). Put another way, actual malice is "a term of art denoting deliberate or reckless falsification." Masson v. New Yorker Magazine, Inc. 501 U.S. 496, 499 (1991).

As this court previously stated, "adequately pleading actual malice is an onerous task," and the plaintiff must show that the existence of actual malice is "plausible on its face." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); (Doc. 27). Upon review of the plaintiff's amended complaint and the additional publications by TWI, the plaintiff has failed to meet this burden despite his inclusion of the additional publications in his amended complaint.

In attempting to bolster the actual malice argument as presented in the original complaint, the plaintiff first alleges that the defendant "knew at least one year before publishing its defamatory articles about Plaintiff what qualifications were necessary to be a Zoning Officer, what qualifications were necessary to be a Building Code Official and the difference between the two" yet "consciously ignored the distinction between the two." (Doc. 28). The plaintiff, however, does not assert any facts to indicate that this statement was published with "knowledge that [the] statement was false or [with] reckless disregard of whether it was false or not." Kendall v. Daily News Pub. Co., 716 F.3d 82, 94 (3d Cir. 2013). Moreover, the Third Circuit has held that "mere falsity, without more, is generally not sufficient to establish actual malice." McDowell v. Paiewonsky, 769 F.2d 942, 951 (3d Cir. 1985). Likewise, the plaintiff's allegation that the defendant "knew...that a Zoning Enforcement Officer...could inspect for zoning purposes and did not need credentials or certifications in order to do so" does not go beyond a "mere falsity" as required by the Third Circuit. (Doc. 28).

As to plaintiff's allegations of libel by implication, it is a viable claim but plaintiff has a high hurdle to clear to adequately allege actual malice. Unfortunately, plaintiff has failed to reach this high burden. The Third Circuit articulated two elements that a plaintiff must prove in order to succeed in a defamation by implication claim: "a 'falsity' element and a 'communicative intent' element." Kendall v. Daily News Publ. Co., 716 F.3d 82, 89 (3d Cir.

2013). The 'falsity' element requires a showing that the defendant knew its statement was false, or that it was reckless in regard to the falsity of the statement. The 'communicative intent' element requires the plaintiff to show that defendant either intended to communicate the defamatory meaning, or that it had knowledge of the defamatory meaning and was reckless with respect to its publication.

The amended complaint fails to provide any facts that could plausibly demonstrate that defendant acted with actual malice regarding either the falsity or communicative intent elements. The plaintiff asserts that "all of [TWI's] articles directed at the Plaintiff are part of an intent to communicate a defamatory meaning in spite of the knowledge or reckless disregard for the falsity of the same by painting Plaintiff and others in authority as greedy, unqualified and incompetent." (Doc. 28). The plaintiff specifically cites exhibits W and X in attempting to prove the "communicative intent" element. The plaintiff claims that these articles, concerning the plaintiff and his relationship to Chairman Nick Slish, are "worse than reckless" and "reflect[] a scorched earth policy when it comes to those in authority." (Doc. 33). However, the Supreme Court cautions that to "permit[] a finding of malice based on an intent merely to inflict harm, rather than an intent to inflict harm through falsehood," would shield public officials from criticism and create a chilling effect upon protected speech. Garrison v. State of La., 379 U.S. 64, 73 (1964). The plaintiff's inclusion of a few exhibits and some additional language

fails to provide adequate facts to show the actual malice necessary to outweigh the interest of protecting the right to freely criticize public officials.

Furthermore, the court agrees with the defendant that the plaintiff conflates common law malice with constitutional malice in its argument. The Supreme Court has made clear that the "actual malice standard is not satisfied merely through a showing of ill will or 'malice' in the ordinary sense of the term." Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657, 666 (1989) (citing Beckley Newspapers Corp. v. Hanks, 389 U.S. 81, 88 S.Ct. 197, 19 L.Ed.2d 248 (1967) (per curiam). The Third Circuit further clarifies this point: "Actual malice is a term of art that the [Supreme] Court has explained 'should not be confused with the concept of malice as an evil intent or a motive arising from spite or ill will;' it should be understood to be 'a shorthand [used] to describe the First Amendment protections for speech injurious to reputation." Kendall v. Daily News Pub. Co., 716 F.3d 82, 90-91 (2013) (citing Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 510-11, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991). Even when one considers the Biro factors for determining actual malice from circumstantial evidence as outlined in the amended complaint, plaintiff fails to allege facts to support the assertion that the defendant had a "motive for defaming the Plaintiff," or that TWI adopted a "policy of publishing articles of a defamatory nature against local officials." (Doc. 33), Biro v. Conde Nast, 11 CIV. 4442 JPO, 2013 WL 3948394 S.D.N.Y. (Aug 1. 2013). Further, the plaintiff fails to provide facts

supporting the further assertions that the defendant fabricated or distorted quotations, relied on unverifiable sources, or possessed information contradictory to the allegedly defamatory statements, despite the fact the plaintiff had access to significant source information.

Concerning Count II (false light invasion of privacy involving a public official), we need only consider that this claim, like the defamation claim, requires that the plaintiff plead and prove actual malice. Park v. Veasie, 2012 WL 1382222 (M.D.Pa. Apr. 20, 2012); Coughlin v. Westinghouse Broad. & Cable, Inc., 603 F. Supp. 377, 389 (E.D.Pa. 1985). Accordingly, this claim fails for want of sufficient evidence demonstrating actual malice as described in the discussion regarding the claim of defamation.

On the basis of the foregoing, an appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  March 13, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-1886-02.wpd